UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 23, 2019

LETTER TO COUNSEL

      RE: *Sharon W. v. Commissioner, Social Security Administration*
            Civil No. SAG-18-2707

Dear Counsel:

On September 4, 2018, Plaintiff Sharon W. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 15, 16. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed her claim for benefits on August 6, 2015, alleging a disability onset date of June 30, 2015. Tr. 142-45. Her claim was denied initially and on reconsideration. Tr. 70-73, 77-78. A hearing was held on August 28, 2017, before an Administrative Law Judge ("ALJ"). Tr. 29-49. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 10-18. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the lumbar spine, degenerative joint disease of the left knee, chronic obstructive pulmonary disease (COPD), and obesity." Tr. 12. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except she can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; she can occasionally balance, stoop, kneel, crouch, and crawl; she can have occasional exposure to extreme cold, extreme heat, humidity, vibration, fumes, odors, dusts, gases, poor ventilation, and hazards.

Tr. 14. After considering the testimony of a vocational expert, the ALJ determined that Plaintiff could perform her past relevant work as a teacher aide, and that, therefore, she was not disabled. Tr. 17-18.

Plaintiff raises one primary argument on appeal: that the ALJ erred at step two by finding that Plaintiff's lymphedema and peripheral venous insufficiency were not severe impairments. ECF 15-1 at 9-11. Plaintiff's argument lacks merit for the reasons discussed below.

At step two of the five-step sequential evaluation, the ALJ determines if the claimant has an impairment, or a combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is considered "severe" if it significantly limits the claimant's ability to do basic work activities. *See* 20 C.F.R. § 404.1522. The claimant bears the burden of proving that an impairment is severe. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Step two is simply a "de minimis screening device used to dispose of groundless claims." *See Taylor v. Astrue*, Civil Action No. BPG–11–0032, 2012 WL 294532, at *8 (D. Md. Jan. 31, 2012) (quoting *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005)); *see also Felton–Miller v. Astrue*, 459 F. App'x 226, 230 (4th Cir. 2011) (unpublished) ("Step two of the sequential evaluation is a threshold question with a de minimis severity requirement.") (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). Once a severe impairment is found, the ALJ continues with the sequential evaluation and considers how each of the claimant's impairments impacts her ability to perform work. *See* 20 C.F.R § 404.1520.

Here, the ALJ found that Plaintiff's lymphedema and peripheral venous insufficiency were nonsevere. Tr. 13. The ALJ noted that Plaintiff's relevant symptoms improved when she wore compression stockings, but that she stopped wearing them because they "were not practical for daily use." *Id.* The ALJ also noted the thermal ablation treatment that Plaintiff received for her lymphedema and venous insufficiency. *Id.* Because Plaintiff made the threshold showing that several of her other impairments were severe, the ALJ continued with the sequential evaluation process and properly considered all impairments, both severe and non-severe. Tr. 12-17; *see* 20 C.F.R. § 404.1545. Any step two error, therefore, would not necessitate remand.

Specifically, while assessing Plaintiff's RFC assessment before step four, the ALJ explained that the record did "not show [Plaintiff's] alleged need to elevate her legs at heart level three times a day." Tr. 15. One of Plaintiff's treating physicians, Dr. Steward, completed a "Lymphedema Medical Assessment Form," in which he opined, among other things, that Plaintiff should elevate her legs at least two hours during the day. Tr. 434-36. The ALJ assigned Dr. Steward's opinion "no weight" because it was not consistent with the record. Tr. 17. The ALJ specifically noted that, "Dr. Steward did not recommend that [Plaintiff] elevate her legs during office visits for swelling seen on exam. Rather, he recommended compression stockings, which reportedly improved her symptoms." Tr. 17 (internal citation omitted). Further, the ALJ also noted Plaintiff's treatment notes indicating "no appreciable motor deficits in the bilateral lower extremities," Tr. 15, full strength in her lower extremities with normal sensation and gait, Tr. 16, 17, and that her legs had "normal muscle tone and . . . [were] neurovascularly intact," Tr. 17. The ALJ also recognized that Plaintiff's treating orthopedist, Dr. Ward, noted Plaintiff would be on "regular duty status," despite her knee impairment and use of a cane. Tr. 15. The ALJ also noted that Plaintiff has used a cane since 2010, but that she was able to work at a substantial gainful activity level for five years since that time. Tr. 15.

  Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and given the evidence outlined above, I find the ALJ's evaluation of Plaintiff's lymphedema and venous insufficiency was supported by substantial evidence.

  In the final paragraph of Plaintiff's memorandum, she also argues the ALJ erred by not including greater limitations caused by her lumbar spine impairment. ECF 15-1 at 11. However, the ALJ provided a clear explanation for why he did not find greater limitations caused by Plaintiff's lumbar spine impairment, with citations to the medical record. Tr. 16. Plaintiff does not suggest any specific flaw in the ALJ's discussion of the lumbar spine impairment, but instead points to evidence that could support greater limitations. Because I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ, *see Hays*, 907 F.2d at 1456, I find no reason to reverse the ALJ's analysis of Plaintiff's lumbar spine impairment.

  For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 15, is DENIED, and Defendant's Motion for Summary Judgment, ECF 16, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

            Sincerely yours,

            /s/

            Stephanie A. Gallagher
            United States Magistrate Judge